IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK STILLS,

      Plaintiff,                    No. CIV S-01-2329 LKK PAN P

      vs.

HEATHER M. DOCKTER,

      Defendant.               <u>FINDINGS & RECOMMENDATIONS</u>

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In his amended complaint, filed March 22, 2004, plaintiff claims that defendant violated his constitutional rights by filing a false disciplinary complaint against him and obstructing the disciplinary process. In addition to claiming that issuance of the allegedly false disciplinary violated his right to due process, plaintiff claims that it was issued in retaliation for plaintiff's act of filing a prison grievance against defendant. Plaintiff also claims that his conviction on the disciplinary charges led to his placement in conditions of confinement that violated the Eighth Amendment. This matter is before the court on defendant's motion for summary judgment.

/////

/////

1

SUMMARY JUDGMENT STANDARDS UNDER RULE 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party

1  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
2  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
3  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
4  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
5  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
6  1436 (9th Cir. 1987).

7        In the endeavor to establish the existence of a factual dispute, the opposing party
8  need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
9  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
11 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
12 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
13 committee's note on 1963 amendments).

14       In resolving the summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
16 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,
17 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
18 court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.
19 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
20 produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen
21 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
22 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
23 show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
24 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
25 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).
26 /////

1  On April 1, 2003, the court advised plaintiff of the requirements for opposing a
2  motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154
3  F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v.
4  Eikenberry, 849 F.2d 409 (9th Cir. 1988).

## ANALYSIS

I. Undisputed Facts

At all times relevant to this action, plaintiff was an inmate housed at California State Prison-Solano (CSP-Solano) and defendant Dockter was a correctional officer working at said prison. On the morning of August 9, 2001, defendant Officer Dockter wrote a CDC 115 rules violation report charging plaintiff with stalking an officer. The rules violation report described the incident which led to the charges as follows:

> On 08/09/01 at approximately 0600 hours, while performing my duties as a back dock officer, I was entering the main kitchen to observe the feeding of the morning workers. Inmate Stills, K-92389, position # MKW-3.235, A.M. Cook, walked toward me after I entered the kitchen. Stills stopped in front of me and blocked my pathway. I then gave Stills a direct order for him to move out of my way to which he did not comply. I gave him a second order to move out of my way at that time he did comply. As I passed by him he then turned around and followed me to the inmates short line where the breakfast meal was being served. Stills stood approximately 20 feet from me gawking at me for approximately 10 minutes and then began laughing. I asked Stills if he thought his actions were funny. He stated "Yes I do." I then ordered Stills over to me to counsel him. He became very loud and disruptive and yelled in a menacing tone "No, why don't you come over here." At that time he complied. While counseling Stills he became disruptive and stated "I don't know what your fucking problem is." At that time I apprised Sergeant Crain of the situation. Officer McCurry and I at that time escorted Stills out of the kitchen and back to his housing unit. In a loud voice Stills state to Sergeant Crain, "I don't know what this broads problem is, but I wasn't fucking following her. This broad is harassing me."

(Attachment A to Declaration of H. Dockter, Correctional Officer, filed April 27, 2005.)
While defendant was counseling plaintiff, she told him that she would be charging him with a
/////

4

disciplinary violation for his behavior. Plaintiff responded to that statement by telling defendant Dockter that he would file a grievance against her if she issued the disciplinary report.

On the night of August 9, 2001, pursuant to the order of a correctional lieutenant who is not a party to this action, plaintiff was placed in administrative segregation pending review of the disciplinary charges. On August 27, 2001, plaintiff was assigned an investigative employee to help interview his witnesses. Two other investigative employees were subsequently assigned to the matter.

Plaintiff was retained in administrative segregation from August 9, 2001 until December 6, 2001. Hearing on the disciplinary charges was conducted on December 21, 2001. Plaintiff was found guilty of conduct which could lead to violence, counseled and release. The hearing officer dropped the stalking charge, finding that the rules violation report did not provide evidence to support that charge. (Attachment A to Dockter Declaration; see also Second Level Appeal Response, dated February 19, 2002, at 3, attached to Amended Complaint.) Plaintiff did not lose any time credits as a result of the disciplinary conviction.

II. Plaintiff's Claims

    A. Retaliation

Plaintiff's first claim is that issuance of the rules violation report was retaliatory. Specifically, plaintiff claims that defendant Dockter wrote the disciplinary report in retaliation for plaintiff's statement to defendant Dockter that he would file a grievance against her if she actually wrote the rules violation report that she warned him about. Defendant seeks summary judgment on the grounds that there is no evidence that issuance of the disciplinary report was retaliatory.

In order to prevail on a retaliation claim, plaintiff must demonstrate that he engaged in protected conduct and that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). In the context of a retaliation claim brought by an

inmate, the plaintiff must also demonstrate an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

The right to petition the government for a redress of grievances is a right protected by the First Amendment. The right has been broadly construed to include "a person's right to seek redress from all branches of government." Franco v. Kelly, 854 F.2d 584, 585-86 (2d Cir. 1988). Prison inmates are entitled to access to both administrative and judicial forums to seek redress of grievances against state officials. Hines v. Gomez, 853 F.Supp. 329, 331 (N.D.Cal. 1994) (quoting Franco at 585-86).

Here, the undisputed evidence of record shows that defendant Dockter warned plaintiff that she would be writing a rules violation report against him before plaintiff told her he would file a grievance against her if she wrote the rules violation report. Although plaintiff has a constitutionally protected right to file an inmate grievance, the fact that plaintiff's statement followed defendant Dockter's warning that she would be writing a rules violation report demonstrates that his decision to exercise that right was not a "substantial" or "motivating" factor in defendant Dockter's decision to write the rules violation report. For this reason, defendant Dockter is entitled to summary judgment on plaintiff's retaliation claim.

B. Due Process

Plaintiff also claims that his right to due process was violated by issuance of the rules violation report because the report was false and because defendant Dockter interfered with the work of the investigative employees assigned to help plaintiff with his defense. Defendant Dockter seeks summary judgment on the grounds that plaintiff had no protected liberty interest in the disciplinary proceedings at issue, that the charges were not false, and because there is no evidence that defendant Dockter interfered with the work of the investigative employees.

Issuance of a false disciplinary report can be an actionable violation of an inmate's constitutional rights if the facts show that the procedural protections outlined in Wolff

v. McDonnell, 418 U.S. 539 (1974) were not met in connection with prosecution of the disciplinary charges and/or that the disciplinary conviction was not supported by "some evidence." See, e.g., Black v. Lane, 22 F.3d 1395, 1401-02 (7th Cir. 1994).  Conversely, a procedural due process claim arising out the filing of a false disciplinary report fails if the Wolff protections were afforded to the inmate at a disciplinary hearing.  See Freeman v. Rideout, 808 F.2d 949 (2nd Cir. 1986), cert. denied, 485 U.S. 982 (1988) (inmates procedural due process rights are not violated by false charges if inmate is granted a hearing on the charges and an opportunity to rebut them).  The protections under Wolff include (1) written notice of the charges at least twenty-four hours prior to the hearing; (2) the right to appear in person before an impartial hearing body; (3) the right to call witnesses and to present documentary evidence; and (4) a written statement of reasons for the disciplinary action taken.  Black, at 1402 (citing Cain v. Lane, 857 F.2d 1139, 1145 (7th Cir. 1988) in turn citing Wolff).[1]

There is no evidence that plaintiff was denied any of the Wolff protections in connection with disposition of the disciplinary charges, and the record reflects "some evidence" to support the charges on which he was convicted.[2]  Defendant Dockter is entitled to summary judgment on this claim.

C. Eighth Amendment

Plaintiff's final claim is that he was subjected to unconstitutional conditions of confinement while he was in administrative segregation awaiting hearing on the disciplinary charges.  Defendant seeks summary judgment on the ground that she was not involved in the

---

[1] Issuance of a false disciplinary report can also be actionable if the disciplinary report was issued in retaliation for constitutionally protected activity.  See, e.g., Hines v. Gomez, 108 F.3d 265 (9th Cir. 1997).  For the reasons set forth in section IIA, supra, there is no evidence to support plaintiff's claim that issuance of the the disciplinary report was retaliatory.

[2] Plaintiff alleges generally that the investigative employees only "permitted" three witnesses and "verbally refused all witnesses."  The due process question, however, is whether plaintiff was given the right to call witnesses at the disciplinary hearing.  There is no evidence that right was improperly interfered with.

orders to place or retain plaintiff in administrative segregation following issuance of the rules violation report.

In order to prevail on his Eighth Amendment claim arising out of the conditions of his confinement, plaintiff must, at a minimum, present evidence that defendant Dockter acted with deliberate indifference to plaintiff's health or safety in connection with his placement or retention in  administrative segregation. See, e.g., Farmer v. Brennan, 511 U.S. 825 (1994). There is no such evidence in the record.  The undisputed evidence shows that plaintiff was placed and retained in administrative segregation by other correctional staff, and there is no evidence of defendant Dockter's involvement in those decisions.  Defendant Dockter is therefore entitled to summary judgment on plaintiff's Eighth Amendment claim.

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that defendant's April 27, 2005 motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2006.

UNITED STATES MAGISTRATE JUDGE

12
stil2329.msj

8